# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COLLINS & AIKMAN CORPORATION, et al.[1] | ) Case No. 05-55927 (SWR) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) (Tax Identification #13-3489233) |
| | ) |
| | ) Honorable Steven W. Rhodes |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF HILCO APPRAISAL SERVICES, LLC AS THE DEBTORS' PERSONAL PROPERTY APPRAISER *NUNC PRO TUNC* TO DECEMBER 8, 2005

Upon the application (the "Application")[2] of the above-captioned debtors (collectively, the "Debtors") for an order authorizing the employment and retention of Hilco Appraisal Services, LLC (the "Appraiser") as their personal property appraiser *nunc pro tunc* to December 8, 2005; it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest; it appearing that the Court has jurisdiction

---

[1] The Debtors in the jointly administered cases include: Collins & Aikman Corporation; Amco Convertible Fabrics, Inc., Case No. 05-55949; Becker Group, LLC (d/b/a/ Collins & Aikman Premier Mold), Case No. 05-55977; Brut Plastics, Inc., Case No. 05-55957; Collins & Aikman (Gibraltar) Limited, Case No. 05-55989; Collins & Aikman Accessory Mats, Inc. (f/k/a the Akro Corporation), Case No. 05-55952; Collins & Aikman Asset Services, Inc., Case No. 05-55959; Collins & Aikman Automotive (Argentina), Inc. (f/k/a Textron Automotive (Argentina), Inc.), Case No. 05-55965; Collins & Aikman Automotive (Asia), Inc. (f/k/a Textron Automotive (Asia), Inc.), Case No. 05-55991; Collins & Aikman Automotive Exteriors, Inc. (f/k/a Textron Automotive Exteriors, Inc.), Case No. 05-55958; Collins & Aikman Automotive Interiors, Inc. (f/k/a Textron Automotive Interiors, Inc.), Case No. 05-55956; Collins & Aikman Automotive International, Inc., Case No. 05-55980; Collins & Aikman Automotive International Services, Inc. (f/k/a Textron Automotive International Services, Inc.), Case No. 05-55985; Collins & Aikman Automotive Mats, LLC, Case No. 05-55969; Collins & Aikman Automotive Overseas Investment, Inc. (f/k/a Textron Automotive Overseas Investment, Inc.), Case No. 05-55978; Collins & Aikman Automotive Services, LLC, Case No. 05-55981; Collins & Aikman Canada Domestic Holding Company, Case No. 05-55930; Collins & Aikman Carpet & Acoustics (MI), Inc., Case No. 05-55982; Collins & Aikman Carpet & Acoustics (TN), Inc., Case No. 05-55984; Collins & Aikman Development Company, Case No. 05-55943; Collins & Aikman Europe, Inc., Case No. 05-55971; Collins & Aikman Fabrics, Inc. (d/b/a Joan Automotive Industries, Inc.), Case No. 05-55963; Collins & Aikman Intellimold, Inc. (d/b/a M&C Advanced Processes, Inc.), Case No. 05-55976; Collins & Aikman Interiors, Inc., Case No. 05-55970; Collins & Aikman International Corporation, Case No. 05-55951; Collins & Aikman Plastics, Inc., Case No. 05-55960; Collins & Aikman Products Co., Case No. 05-55932; Collins & Aikman Properties, Inc., Case No. 05-55964; Comet Acoustics, Inc., Case No. 05-55972; CW Management Corporation, Case No. 05-55979; Dura Convertible Systems, Inc., Case No. 05-55942; Gamble Development Company, Case No. 05-55974; JPS Automotive, Inc. (d/b/a PACJ, Inc.), Case No. 05-55935; New Baltimore Holdings, LLC, Case No. 05-55992; Owosso Thermal Forming, LLC, Case No. 05-55946; Southwest Laminates, Inc. (d/b/a Southwest Fabric Laminators Inc.), Case No. 05-55948; Wickes Asset Management, Inc., Case No. 05-55962; and Wickes Manufacturing Company, Case No. 05-55968.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; notice of this Application and the opportunity for a hearing on this Application was appropriate under the particular circumstances and that no other or further notice need by given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Application is granted in its entirety.

2. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain the Appraiser to perform the services set forth in the Application, the Engagement Letter and the Affidavit.

3. The Debtors are authorized to employ the Appraiser to determine the fair market and gross liquidation values of the Debtors' personal property, which is located in various jurisdictions within the United States and Canada.

4. The Appraiser shall be retained and compensated pursuant to the terms of the Engagement Letter as modified by the Application.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction with respect to the amount of fees to be paid to the Appraisers upon proper application and notice.

2

K&E 10894663.1
05-55927-swr    Doc 2028    Filed 01/06/06    Entered 01/06/06 16:49:56    Page 2 of 3

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and neither the Debtors nor the Appraiser shall be required to seek authorization from any other jurisdiction with respect to the relief granted by this Order.
.

**Entered: January 06, 2006**

                **_____/s/ Steven Rhodes_____**
                **Steven Rhodes**
  **9.**             **Chief Bankruptcy Judge**