**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| COLLINS & AIKMAN CORPORATION, et al.[1] ) | Case No. 05-55927 (SWR) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | (Tax Identification #13-3489233) |
| ) | |
| ) | Honorable Steven W. Rhodes |

### ORDER AUTHORIZING THE AMENDMENT OF THE TERMS OF EMPLOYMENT AND RETENTION OF CB RICHARD ELLIS, INC. AND KEEN REALTY, LLC *NUNC PRO TUNC* TO DECEMBER 31, 2006

Upon the application (the "Application")[2] of the above-captioned debtors (collectively, the "Debtors") for an order authorizing the amendment of the terms of the employment and retention of CB Richard Ellis, Inc. and Keen Realty, LLC (collectively, the "Consultants") *nunc pro tunc* to December 31, 2006 [Docket No. 4273], which employment and retention was approved by the Order Authorizing the Employment and Retention of CB Richard Ellis, Inc. and Keen Realty, LLC as the

---

[1] The Debtors in the jointly administered cases include: Collins & Aikman Corporation; Amco Convertible Fabrics, Inc., Case No. 05-55949; Becker Group, LLC (d/b/a/ Collins & Aikman Premier Mold), Case No. 05-55977; Brut Plastics, Inc., Case No. 05-55957; Collins & Aikman (Gibraltar) Limited, Case No. 05-55989; Collins & Aikman Accessory Mats, Inc. (f/k/a the Akro Corporation), Case No. 05-55952; Collins & Aikman Asset Services, Inc., Case No. 05-55959; Collins & Aikman Automotive (Argentina), Inc. (f/k/a Textron Automotive (Argentina), Inc.), Case No. 05-55965; Collins & Aikman Automotive (Asia), Inc. (f/k/a Textron Automotive (Asia), Inc.), Case No. 05-55991; Collins & Aikman Automotive Exteriors, Inc. (f/k/a Textron Automotive Exteriors, Inc.), Case No. 05-55958; Collins & Aikman Automotive Interiors, Inc. (f/k/a Textron Automotive Interiors, Inc.), Case No. 05-55956; Collins & Aikman Automotive International, Inc., Case No. 05-55980; Collins & Aikman Automotive International Services, Inc. (f/k/a Textron Automotive International Services, Inc.), Case No. 05-55985; Collins & Aikman Automotive Mats, LLC, Case No. 05-55969; Collins & Aikman Automotive Overseas Investment, Inc. (f/k/a Textron Automotive Overseas Investment, Inc.), Case No. 05-55978; Collins & Aikman Automotive Services, LLC, Case No. 05-55981; Collins & Aikman Canada Domestic Holding Company, Case No. 05-55930; Collins & Aikman Carpet & Acoustics (MI), Inc., Case No. 05-55982; Collins & Aikman Carpet & Acoustics (TN), Inc., Case No. 05-55984; Collins & Aikman Development Company, Case No. 05-55943; Collins & Aikman Europe, Inc., Case No. 05-55971; Collins & Aikman Fabrics, Inc. (d/b/a Joan Automotive Industries, Inc.), Case No. 05-55963; Collins & Aikman Intellimold, Inc. (d/b/a M&C Advanced Processes, Inc.), Case No. 05-55976; Collins & Aikman Interiors, Inc., Case No. 05-55970; Collins & Aikman International Corporation, Case No. 05-55951; Collins & Aikman Plastics, Inc., Case No. 05-55960; Collins & Aikman Products Co., Case No. 05-55932; Collins & Aikman Properties, Inc., Case No. 05-55964; Comet Acoustics, Inc., Case No. 05-55972; CW Management Corporation, Case No. 05-55979; Dura Convertible Systems, Inc., Case No. 05-55942; Gamble Development Company, Case No. 05-55974; JPS Automotive, Inc. (d/b/a PACJ, Inc.), Case No. 05-55935; New Baltimore Holdings, LLC, Case No. 05-55992; Owosso Thermal Forming, LLC, Case No. 05-55946; Southwest Laminates, Inc. (d/b/a Southwest Fabric Laminators Inc.), Case No. 05-55948; Wickes Asset Management, Inc., Case No. 05-55962; and Wickes Manufacturing Company, Case No. 05-55968.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

Debtors' Real Estate Consultants *Nunc Pro Tunc* to August 8, 2005, dated November 22, 2005 [Docket No. 1802] (the "Retention Order"); it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that notice of the Application and the opportunity for a hearing on the Application was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Application is granted in its entirety.

2. In accordance with 11 U.S.C. §§ 327(a), 328(a) and 1107(a), the Debtors are authorized and empowered, to retain and employ the Consultants' pursuant to the terms set forth in the Original Engagement Letter, as modified by the Retention Order, the Amendments and this Order.

3. The Original Engagement Letter, as modified by the Retention Order, the Amendments and this Order, is approved pursuant to 11 U.S.C. § 328(a), and the Debtors are authorized to pay, reimburse and indemnify the Consultants according to the terms in the Original Engagement Letter, as modified by the Retention Order, the Amendments and this Order.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

.

**Signed on March 19, 2007**

                                          **/s/ Steven Rhodes**
                                          **Steven Rhodes**

1. **Chief Bankruptcy Judge**

7.