# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COLLINS & AIKMAN CORPORATION, et al.[1] | ) Case No. 05-55927 (SWR) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) (Tax Identification #13-3489233) |
| | ) |
| | ) Honorable Steven W. Rhodes |
| | ) |

## THE COLLINS & AIKMAN POST-CONSUMMATION TRUST AND LITIGATION TRUST'S JOINT *EX PARTE* MOTION FOR RELIEF FROM RULE 3007(d) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The Collins & Aikman Post-Consummation Trust and the Collins & Aikman Litigation Trust (the "Trusts"), as successors to the above-captioned Debtors (collectively, the "Debtors") pursuant to the First Amended Joint Plan of Reorganization of Collins & Aikman Corporation and its Debtor Subsidiaries (the "Plan") as confirmed by order of the Bankruptcy Court, hereby file this Joint *Ex Parte* Motion for Relief From Rule 3007(d) of the Federal Rules of Bankruptcy

---

[1] The Debtors in the jointly administered cases include: Collins & Aikman Corporation; Amco Convertible Fabrics, Inc., Case No. 05-55949; Becker Group, LLC (d/b/a/ Collins & Aikman Premier Mold), Case No. 05-55977; Brut Plastics, Inc., Case No. 05-55957; Collins & Aikman (Gibraltar) Limited, Case No. 05-55989; Collins & Aikman Accessory Mats, Inc. (f/k/a the Akro Corporation), Case No. 05-55952; Collins & Aikman Asset Services, Inc., Case No. 05-55959; Collins & Aikman Automotive (Argentina), Inc. (f/k/a Textron Automotive (Argentina), Inc.), Case No. 05-55965; Collins & Aikman Automotive (Asia), Inc. (f/k/a Textron Automotive (Asia), Inc.), Case No. 05-55991; Collins & Aikman Automotive Exteriors, Inc. (f/k/a Textron Automotive Exteriors, Inc.), Case No. 05-55958; Collins & Aikman Automotive Interiors, Inc. (f/k/a Textron Automotive Interiors, Inc.), Case No. 05-55956; Collins & Aikman Automotive International, Inc., Case No. 05-55980; Collins & Aikman Automotive International Services, Inc. (f/k/a Textron Automotive International Services, Inc.), Case No. 05-55985; Collins & Aikman Automotive Mats, LLC, Case No. 05-55969; Collins & Aikman Automotive Overseas Investment, Inc. (f/k/a Textron Automotive Overseas Investment, Inc.), Case No. 05-55978; Collins & Aikman Automotive Services, LLC, Case No. 05-55981; Collins & Aikman Canada Domestic Holding Company, Case No. 05-55930; Collins & Aikman Carpet & Acoustics (MI), Inc., Case No. 05-55982; Collins & Aikman Carpet & Acoustics (TN), Inc., Case No. 05-55984; Collins & Aikman Development Company, Case No. 05-55943; Collins & Aikman Europe, Inc., Case No. 05-55971; Collins & Aikman Fabrics, Inc. (d/b/a Joan Automotive Industries, Inc.), Case No. 05-55963; Collins & Aikman Intellimold, Inc. (d/b/a M&C Advanced Processes, Inc.), Case No. 05-55976; Collins & Aikman Interiors, Inc., Case No. 05-55970; Collins & Aikman International Corporation, Case No. 05-55951; Collins & Aikman Plastics, Inc., Case No. 05-55960; Collins & Aikman Products Co., Case No. 05-55932; Collins & Aikman Properties, Inc., Case No. 05-55964; Comet Acoustics, Inc., Case No. 05-55972; CW Management Corporation, Case No. 05-55979; Dura Convertible Systems, Inc., Case No. 05-55942; Gamble Development Company, Case No. 05-55974; JPS Automotive, Inc. (d/b/a PACJ, Inc.), Case No. 05-55935; New Baltimore Holdings, LLC, Case No. 05-55992; Owosso Thermal Forming, LLC, Case No. 05-55946; Southwest Laminates, Inc. (d/b/a Southwest Fabric Laminators Inc.), Case No. 05-55948; Wickes Asset Management, Inc., Case No. 05-55962; and Wickes Manufacturing Company, Case No. 05-55968.

1

Procedure to allow the filing of omnibus objections to Claims for which there is no support in the books and records of the Debtors. In support of this Motion, the Trusts state as follows:

1. This Court has subject matter jurisdiction to consider this Motion pursuant to Paragraph 41 of the Order Confirming First Amended Joint Plan of Collins & Aikman Corporation and Its Debtor Subsidiaries (the "Order").

2. The Order vests the Trusts with the authority and responsibility to evaluate, reconcile, or object to Claims, as that phrase is defined in the Plan.

3. Currently, the Trusts are working to evaluate and reconcile approximately 6,700 Claims against the Debtors. (**Ex. B**, Aff. of K. Schweninger at ¶ 4.)

4. To date, the Trusts have discovered that a vast number of the Claims lack support in the books and records of the Debtors. (**Ex. B**, Aff. of K. Schweninger at ¶ 5.) The Trusts' attempts to obtain support for the Claims from the respective Claimants have proven largely unsuccessful. (**Ex. B**, Aff. of K. Schweninger at ¶ 5.) Therefore, the Trusts estimate that 20-30% of the Claims, approximately 1,400-2,200 Claims, will need to be objected to because there is no support for the Claims in the books and records of the Debtors (and attempts to obtain support for such Claims from the Claimants have not been successful to date). (**Ex. B**, Aff. of K. Schweninger at ¶ 6.)

5. Rule 3007(d) of the Federal Rules of Bankruptcy Procedure does not allow omnibus objections to be filed based upon a lack of support in the books and records of the Debtors, unless otherwise permitted by order of the Court. FED. R. BANKR. P. 3007(d).

6. Given the enormous quantity of Claims that will require an objection due to their lack of support in the books and records of the Debtors, in order for a streamlined the docket, efficient judicial administration, and administrative simplicity, the Trusts respectfully request

that this Court waive the requirements of Rule 3007(d) for the limited purposes of allowing the Trusts to file omnibus objections with regard to a lack of support for Claims in the books and records of the Debtors.

7. The Trusts, in filing their omnibus objections regarding insufficient books and records, will otherwise comply with the requirements for an omnibus objection set forth in Rule 3007(e) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Trusts respectfully request that this Court waive the requirements of Rule 3007(d) for the limited purposes of allowing the Trusts to file omnibus objections based upon the lack of support for Claims in the books and records of the Debtors. A proposed order granting this Motion is attached hereto as **Exhibit A**.

Respectfully submitted,

BOYLE BURDETT

By: /s/H. William Burdett, Jr.
   Eugene H. Boyle, Jr. (P42023)
   H. William Burdett, Jr. (P63185)
14950 East Jefferson, Suite 200
Grosse Pointe Park, Michigan 48230
(313) 344-4000
(313) 344-4001 (facsimile)
burdett@boyleburdett.com
*Attorneys for the Collins & Aikman Post Consummation Trust and Litigation Trust*

Dated: January 30, 2008