# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COLLINS & AIKMAN CORPORATION, et al.[1] | ) Case No. 05-55927 (SWR) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) (Tax Identification #13-3489233) |
| | ) |
| | ) Honorable Steven W. Rhodes |
| | ) |
| | ) |
| _____ | ) |

## THE COLLINS & AIKMAN LITIGATION TRUST'S *EX PARTE* MOTION FOR EXTENSION OF THE CLAIMS OBJECTION BAR DATE FOR FILING OBJECTIONS TO GENERAL UNSECURED CLAIMS

The Collins & Aikman Litigation Trust (the "Trust"), as successor to the above-captioned Debtors (collectively, the "Debtors") pursuant to the First Amended Joint Plan of Reorganization of Collins & Aikman Corporation and Its Debtor Subsidiaries (the "Plan")[Dckt. #7731], as confirmed by the Order Confirming First Amended Joint Plan of Collins & Aikman Corporation and its Debtor Subsidiaries (the "Order")[Dckt. #7827], hereby files this *Ex Parte* Motion for

---

[1] The Debtors in the jointly administered cases include: Collins & Aikman Corporation; Amco Convertible Fabrics, Inc., Case No. 05-55949; Becker Group, LLC (d/b/a/ Collins & Aikman Premier Mold), Case No. 05-55977; Brut Plastics, Inc., Case No. 05-55957; Collins & Aikman (Gibraltar) Limited, Case No. 05-55989; Collins & Aikman Accessory Mats, Inc. (f/k/a the Akro Corporation), Case No. 05-55952; Collins & Aikman Asset Services, Inc., Case No. 05-55959; Collins & Aikman Automotive (Argentina), Inc. (f/k/a Textron Automotive (Argentina), Inc.), Case No. 05-55965; Collins & Aikman Automotive (Asia), Inc. (f/k/a Textron Automotive (Asia), Inc.), Case No. 05-55991; Collins & Aikman Automotive Exteriors, Inc. (f/k/a Textron Automotive Exteriors, Inc.), Case No. 05-55958; Collins & Aikman Automotive Interiors, Inc. (f/k/a Textron Automotive Interiors, Inc.), Case No. 05-55956; Collins & Aikman Automotive International, Inc., Case No. 05-55980; Collins & Aikman Automotive International Services, Inc. (f/k/a Textron Automotive International Services, Inc.), Case No. 05-55985; Collins & Aikman Automotive Mats, LLC, Case No. 05-55969; Collins & Aikman Automotive Overseas Investment, Inc. (f/k/a Textron Automotive Overseas Investment, Inc.), Case No. 05-55978; Collins & Aikman Automotive Services, LLC, Case No. 05-55981; Collins & Aikman Canada Domestic Holding Company, Case No. 05-55930; Collins & Aikman Carpet & Acoustics (MI), Inc., Case No. 05-55982; Collins & Aikman Carpet & Acoustics (TN), Inc., Case No. 05-55984; Collins & Aikman Development Company, Case No. 05-55943; Collins & Aikman Europe, Inc., Case No. 05-55971; Collins & Aikman Fabrics, Inc. (d/b/a Joan Automotive Industries, Inc.), Case No. 05-55963; Collins & Aikman Intellimold, Inc. (d/b/a M&C Advanced Processes, Inc.), Case No. 05-55976; Collins & Aikman Interiors, Inc., Case No. 05-55970; Collins & Aikman International Corporation, Case No. 05-55951; Collins & Aikman Plastics, Inc., Case No. 05-55960; Collins & Aikman Products Co., Case No. 05-55932; Collins & Aikman Properties, Inc., Case No. 05-55964; Comet Acoustics, Inc., Case No. 05-55972; CW Management Corporation, Case No. 05-55979; Dura Convertible Systems, Inc., Case No. 05-55942; Gamble Development Company, Case No. 05-55974; JPS Automotive, Inc. (d/b/a PACJ, Inc.), Case No. 05-55935; New Baltimore Holdings, LLC, Case No. 05-55992; Owosso Thermal Forming, LLC, Case No. 05-55946; Southwest Laminates, Inc. (d/b/a Southwest Fabric Laminators Inc.), Case No. 05-55948; Wickes Asset Management, Inc., Case No. 05-55962; and Wickes Manufacturing Company, Case No. 05-55968.

Extension of the Claims Objection Bar Date For Filing Objections to General Unsecured Claims (the "Motion"). In support of the Motion, the Trust states as follows:

1. This Court has subject matter jurisdiction to consider this Motion pursuant to Paragraph 41 of the Order.

2. Paragraph 39 of the Order vests the Trust with the authority and responsibility to reconcile or object to Claims, as that phrase is defined in the Plan.

3. The Plan and Order set the Claims Objection Bar Date as the date that is "180 days after the Effective Date." (Plan at 24.) The Effective Date occurred on October 12, 2007. Thus, the current date by which the Trust must file objections to general unsecured claims is April 9, 2008.

4. Paragraph 37 of the Order provides that the Litigation Trust may seek "to extend the Claims Objection Bar Date by filing a motion with the Court . . ." (Order at ¶37.)

5. An enlargement of time is required for the Trust to file objections to the general unsecured claims because, despite the Trust's best efforts to review, reconcile, approve or object to the unsecured claims filed against the Debtors' estates, the Trust's resources have been insufficient to enable it to complete that process by April 9, 2008.

6. Specifically, the two Trusts created by the Plan, the Post-Consummation Trust ("PCT") and the Litigation Trust (collectively, the "Trusts"), have jointly employed and shared a staff of eight full-time and part-time employees dedicated solely to the process of attempting to reconcile approximately 7,000 general unsecured claims totaling over two billion dollars, plus the remaining hundreds of additional administrative, secured and priority claims. The Trusts have employed as many as five full-time and three part-time persons, plus supervisory personnel working on this project, but to date, and for the reasons expressed below, they have only been

2

05-55927-swr    Doc 8967    Filed 03/17/08    Entered 03/17/08 11:24:44    Page 2 of 5

able to process approximately 1,500 general unsecured claims plus most of the secured, priority and administrative claims against the Debtors' estates. Priority was given the process of dealing with the administrative, secured and priority claims during this period as they will be paid in cash and in full as they are allowed, whereas the former allowed general unsecured claims probably will not receive a distribution until much later this year or sometime next year.

7. The cost to the Litigation Trust of the shared resources described above has averaged approximately $80,000 per month since the Effective Date of the Plan. Given the pressures of resolving, paying or objecting to the substantial number of secured, administrative and priority claims that were also being addressed at the same time, the Trust has not had the resources – either in time or staff – to also resolve all of the general unsecured claims. The Trust has worked diligently to meet the Claims Objection Bar Date. With the resolution of the administrative and priority claims by the PCT being nearly complete, the process with referenced to the remaining general unsecured claims should accelerate.

8. The extension requested herein will preserve the Trust's resources for the benefit of the holders of the Tranche A and Tranche B Beneficial Interests in the Trust, who are the former holders of the Prepetition Facility Claims (Class 3) and the general unsecured claims (Classes 5 and 6), respectively, under the Plan. Although the Trust could conceivably hire more staff to process these claims at a substantially greater expense, that would unnecessarily deplete the resources of the Trust to the detriment of the beneficiaries of the Trust. Instead, the team currently assembled team is capable of processing the remaining universe of unresolved general unsecured claims, but they will need more time to do so.

9. However, the proposed delay will not prejudice the former holders of general unsecured claims. Presently the Trust is pursuing hundreds of unresolved preference actions via

a mediation process established by order of the Court. That process is likely to continue for several more months. Part of the delay in resolving general unsecured claims also results from the efforts of Trust personnel to support the pursuit of the preference recoveries.

10. In addition, numerous actions for substantial sums against Heartland Industrial Partners, David Stockman and other former directors and officers of the Debtors indicted by a Federal Grand Jury and sued by the SEC (the "Heartland Defendants"). As the Court ordered on November 5, 2008, the actions against the Heartland Defendants – seeking recovery of millions of dollars – have been effectively stayed pending parallel criminal and S.E.C. proceedings. (Adv. Proc. No. 07-05650, Dckt. # 27). Moreover, pursuant to the February 12, 2008 order of the Court, all written discovery and depositions have been delayed until September 2008. (Adv. Proc. No. 07-05650, Dckt. #31.) The Trust believes that it is unlikely that its actions against the Heartland Defendants and others will be resolved before the end of this year.

11. Therefore, it is unlikely that the former holders of general unsecured claims (who now hold Tranche B Beneficial Interests in the Trust) will receive a distribution from the Trust before a date close to the end of this year at the very earliest. Accordingly, the requested extension of the Claims Objection Bar Date will not affect the timing of any payments that are to made by the Trust pursuant to the Plan.

12. The relief sought by the Trust is available on an *ex parte* basis. Specifically, Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure provides that the Court may enlarge time provided "with or without motion or notice . . . if the request therefor is made before the expiration of the period originally prescribed . . . ." FED. R. BANKR. P. 9006(b)(1). Moreover, Local Bankruptcy Rule 9006-1(b) provides that the Court may sign "an ex parte order reducing or enlarging the time for a party to take any action or file any paper."

WHEREFORE, the Trust respectfully requests that this Court extend the Claims Objection Bar Date by 120 days to August 7, 2008, for the purpose of enabling the Trust to file objections to all remaining general unsecured claims that should not be allowed as filed. A proposed order granting this Motion is attached hereto as **Exhibit A**.

    Respectfully submitted,

    BOYLE BURDETT

    By: s/H. William Burdett, Jr.
       Eugene H. Boyle, Jr. (P42023)
       H. William Burdett, Jr. (P63185)
    14950 East Jefferson, Suite 200
    Grosse Pointe Park, Michigan 48230
    (313) 344-4000
    (313) 344-4001 (facsimile)
    burdett@boyleburdett.com

Dated: March 17, 2008    *Attorneys for the Collins & Aikman Ligation Trust*